1 | J. Dino Vasquez, SBN 146725 The Honorable James Donato
**KARR TUTTLE CAMPBELL**
2 | 701 Fifth Avenue, Suite 3300
Seattle, WA 98104
3 | Telephone:  206-223-1313
Fax:  206-682-7100
4 | Email: dvasquez@karrtuttle.com
*Attorneys for Defendant*
5 | *Providence Health Plan*

6

7 | UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

CHRIS W. & JENNIFER W.,                )
                                       )
        Plaintiffs,                    )    Case No. 3:20-cv-04491-JD
                                       )
    v.                                 )    **MOTION TO DISMISS FOR LACK OF**
                                       )    **PERSONAL JURISDICTION BY**
PROVIDENCE HEALTH PLAN; BLUE           )    **DEFENDANT PROVIDENCE HEALTH**
CROSS OF CALIFORNIA dba ANTHEM         )    **PLAN**
BLUE CROSS; and DOES 1 through 10,     )
                                       )
        Defendants.                    )
                                       )
                                       )
                                       )
_____)

PLEASE TAKE NOTICE that a hearing is set for Thursday, October 8, 2020, at 10:00 A.M., or as soon thereafter as the matter may be heard, before the Hon. James Donato, on Defendant Providence Health Plan's above captioned motion, as follows.

## **RELIEF REQUESTED**

Defendant Providence Health Plan ("PHP") moves for dismissal of Plaintiffs Chris W. & Jennifer W.'s ("Plaintiffs'") Complaint pursuant to Fed. Rule of Civ. Pro. 12(b)(2) for lack of personal jurisdiction over PHP.

## **FACTS**

A. **The Complaint concedes PHP is a non-resident Defendant with no minimum contacts in California**.

PHP is an Oregon corporation with its principal place of business in Beaverton, Oregon. Declaration of Aaron Bals ("Bals Decl.") at ¶ 2.  PHP has no offices or employees in the state of

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 1
#1336816 v1 / 42700-047

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

California and, in fact, has no contacts whatsoever with the state of California in regards to the claim at issue in the Plaintiffs' lawsuit. Bals Decl., ¶ 7. It is not licensed or registered to do business in California. Bals Decl., ¶ 2. PHP has no presence or contacts whatsoever with the state of California. Bals Decl., ¶ 7. PHP is the third-party administrator for certain claims administration duties for the self-funded State of Oregon Public Employees Benefit Board (PEBB) plan sponsored by the State of Oregon for State employees (the "PEBB Plan"). Bals Decl., Ex. A. See also Complaint ¶¶8-9. The Complaint concedes PHP is transacting business "in the State of Oregon." Complaint ¶9.

**B. Plaintiffs are Oregon residents.**

The Complaint concedes "Plaintiffs are, and at all relevant times were, residents of Oregon." Complaint ¶5. The Complaint further concedes that Plaintiff Chris W. was an employee of the state of Oregon and a participant under the Oregon PEBB Plan. Complaint ¶¶6, 8.

**C. The treatment at issue under the Oregon PEBB Plan was rendered to an Oregon resident in Utah by a Utah provider.**

PHP took no actions in the state of California with respect to the claims at issue. *Id.*, ¶ 7. The events that gave rise to Plaintiffs' complaint involved PHP's claims administration under the Oregon PEBB Plan on behalf of Plaintiff's minor daughter (P.K.W.), also an Oregon resident. Complaint, ¶ 15; Bals Decl. ¶5. Plaintiffs' claims against PHP relate to services rendered to P.K.W. by Uinta Academy, a boarding school located in Utah. Complaint ¶43-44; Bals Decl., ¶ 6. PHP's counsel requested Plaintiffs' counsel provide the basis for Plaintiffs' assertion of personal jurisdiction, but no response was provided. Decl. of Dino Vasquez, **Exs. 1-2**.

**D. The Oregon PEBB Plan requires Oregon law apply to disputes under that plan.**

The Oregon PEBB Plan contains the following choice of law provision: "The laws of the State of Oregon shall apply and shall be controlling state law in all matters relating to the Plan." Ex. A, p. 3 to Bals Decl.

## LEGAL ARGUMENT

**A. There is no general or specific jurisdiction over Defendant PHP in this forum.**

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 2
#1336816 v1 / 42700-047

1    Plaintiffs bear the burden of establishing that the courts in California have personal

2  jurisdiction over a nonresident defendant such as PHP. *Schwarzenegger v. Fred Martin Motor Co*.,

3  374 F.3d 797, 800 (9th Cir. 2004).  Personal jurisdiction is either general or specific.  *Daimler AG*

4  *v. Bauman*, 134 S. Ct. 746, 754 (2014).  General jurisdiction requires proof that the non-resident

5  defendant has engaged in "continuous and systematic" activities within the forum state.

6  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Because general

7  jurisdiction requires extensive and sustained contacts, courts are hesitant to exercise general

8  jurisdiction over non-resident defendants.  *See Daimler*, 134 S. Ct. at 758 (2014) ("As [the

9  Supreme] Court has increasingly trained on . . . specific jurisdiction, general jurisdiction has come

10  to occupy a less dominant place in the contemporary scheme.").  When a defendant's place of

11  incorporation and principal place of business is outside of the forum, as here, the standard for

12  proving the existence of general jurisdiction over a nonresident PHP is "fairly high . . ."  *Brand v.*

13  *Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

14    Here, the Complaint asserts no basis whatsoever for general jurisdiction.  There are no facts

15  to support that PHP has any contacts with the state of California, much less those that are "so

16  constant and pervasive as to render it essentially at home" in the state.  *Daimler*, 134 S. Ct. at 751.

17  PHP is an Oregon corporation with its principal place of business in Beaverton, Oregon.  Bals Dec.

18  at ¶ 2.  It has no offices or employees in the state of California.  Bals Decl., ¶ 7.  It is not licensed

19  or registered to do business in California.  Bals Decl., ¶ 2. It has no presence or contacts whatsoever

20  with the state of California.  Bals Decl., ¶ 7.  Plaintiffs have plead no facts, nor do any exist, from

21  which to find general jurisdiction in the state of California over this Oregon resident company.

22  *See, e.g*., *Hunt v. Erie Ins. Grp*., 728 F.2d 1244, 1246 (9th Cir. 1984) (recognizing that defendant

23  who was not licensed or registered to do business in California, and with no offices, claims offices,

24  claims agents, underwriters, officers or adjustors located in California, "has clearly not engaged in

25  any substantial activity in California that would confer general jurisdiction on the court.").  General

26  jurisdiction in California does not exist over PHP.

27

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 3
#1336816 v1 / 42700-047

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    Specific jurisdiction can only be established if Plaintiff can prove that PHP purposefully

2    directed its activities at residents of the forum, and the litigation at issue results from alleged

3    injuries arising out of those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472

4    (1985).  Specific jurisdiction must be authorized by California's long-arm statute.  *Square 1 Bank*

5    *v. Lo*, 128 F. Supp. 3d 1257, 1262 (N.D. Cal. 2015).  California's "long-arm" statute permits local

6    courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this State or

7    the United States." Cal. Code Civ. Proc. § 410.10; *Mavrix Photo, Inc. v. Brand Technologies, Inc*.,

8    647 F.3d 1218, 1223 (9th Cir. 2011).  To ensure that the due process requirements are met, the

9    Ninth Circuit has established a three-part test to evaluate whether specific jurisdiction can be

10   exercised:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must be reasonable.

16   *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986) (emphasis

17   added).

18   **1.  No Purposeful Availment**

19   Here, Plaintiffs' claim against PHP involves out-of-state defendant PHP's denial of

20   coverage under the Oregon PEBB Plan for services rendered to an Oregon resident by a Utah

21   provider.  There is no contact with the state of California whatsoever.  Because PHP has not

22   "purposefully availed" itself of the privileges of doing business in California, there is no need for

23   the Court to evaluate whether the exercise of jurisdiction over PHP is reasonable.  *See Omeluk v.*

24   *Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) ("If any of the three requirements

25   is not satisfied, jurisdiction in the forum would deprive the PHP of due process of law.").

26   Dismissal is proper.

27   **2.  Exercise of Jurisdiction in California is Unreasonable.**

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 4
#1336816 v1 / 42700-047

1    Even if the Court were inclined to evaluate the "reasonableness" prong of the *Hirsch* test,

2   requiring PHP to litigate this matter in California is patently unreasonable.  All witnesses and

3   parties to the dispute involving PHP are in Oregon, where the claims administration occurred, or

4   Utah, where the provider resides.  *Burger King*, 105 S. Ct. at 2184.  The State of Oregon

5   specifically requires that Oregon law apply to disputes under the Plan and the State of Oregon, as

6   the sponsor of the self-funded plan is a necessary party, who cannot be compelled to litigate in

7   California. Bals. Decl., Ex. A, p. 2.  California simply has no interest in a dispute involving Oregon

8   residents under a State of Oregon Public Employees Benefit Plan, relating to services rendered by

9   a Utah provider.  Based on all of the above, PHP's motion to dismiss for lack of personal

10  jurisdiction should be granted.

11                                  **<u>CONCLUSION</u>**

12    Because there is no basis for the exercise of personal jurisdiction over PHP in this forum,

13  the Complaint should be dismissed pursuant to FRCP 12(b)(2), for lack of personal jurisdiction.

14    DATED this 31st day of August, 2020.

15                                          KARR TUTTLE CAMPBELL

16                                          *s/ J. Dino Vasquez*

17                                          J. Dino Vasquez, CA Bar No. 146725
                                            **Karr Tuttle Campbell**
18                                          701 Fifth Avenue, Suite 3300
                                            Seattle, WA 98104
19                                          Telephone: (206) 223-1313
                                            Facsimile: (206) 682-7100
20                                          Email:  dvasquez@karrtuttle.com
                                            *Attorney for Defendant Providence Health*
21                                          *Plan*

22

23

24

25

26

27

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 5
#1336816 v1 / 42700-047

Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, the foregoing document was electronically filed with the United States District Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/Jan Likit*
Jan Likit
Legal Assistant
jlikit@karrtuttle.com

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
BY DEFENDANT PROVIDENCE HEALTH PLAN - 6
#1336816 v1 / 42700-047