David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiffs,
CHRIS W. & JENNIFER W.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W. & JENNIFER W.<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH PLAN; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1 through 10,<br><br>Defendants. | Case No. 20-cv-04491-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT PROVIDENCE HEALTH PLAN'S MOTION TO DISMISS COMPLAINT DUE TO LACK OF JURISDICTION**<br><br>Date:  October 8, 2020<br>Time:  10:00 a.m.<br>Judge:  Hon. James Donato |

## I.   INTRODUCTION

Plaintiffs Chris W. and Jennifer W. hereby oppose the motion to dismiss on jurisdictional grounds filed by Defendant Providence Health Plan.  (Dkt. Nos. 19, 20.)  Defendant Anthem Blue Cross ("Anthem") is a California entity and does not challenge the Court's jurisdiction in this matter.  Anthem's response is due on October 5, 2020.  (Dkt. No 23.)

Providence Health Plan's motion fails to acknowledge and disclose certain key elements, both factual and legal, that establish the Court's personal jurisdiction over the entirety of this action.  Factually, at issue herein is the denial of medically necessary mental health treatment and care at a residential treatment facility for Plaintiffs' daughter, P.K.W.   P.K.W. suffers from multiple mental health disorders.  This caused severe problems, including suicidal ideations and actual suicide attempts.  (See, e.g. Complaint, Dkt. No. 1, at ¶30.)  Ultimately, the  medical professionals who examined and treated P.K.W. recommended as medically necessary that P.K.W. be treated at a residential treatment level of care.  This common nucleus of operative fact governs all causes of action, against all defendants, in this action.

P.K.W. was insured under two separate insurance plans, one through each of her parents.  Both of these insurers denied the respective claims for P.K.W.'s mental health treatment.  One plan, insured through Defendant Anthem, is sponsored by Intel, Plaintiff Jennifer W.'s employer.  This plan is governed by ERISA.

The other plan, insured through Defendant Providence Health Plans, is through Plaintiff Chris W.  Chris W. is employed by the state of Oregon, and brings causes of action under Oregon state law.  Consideration by this Court of the state law causes of action is proper here, since courts in this District are fully competent to hear cases involving the laws of other states.  *See Flemming v. Matco Tools Corp.*, 384 F.Supp.3d 1124, 1136 (N.D. Cal. 2019) (noting that "federal judges routinely apply the law of other states than the one in which they sit.")

Providence Health Plan contends it is strictly an Oregon entity, and as a result this Court lacks personal jurisdiction over it.  This is not the entire story, however.  Providence Health Plan is only one part of a much larger entity, simply entitled Providence.  Providence's ties to

California are extensive and multifold.  For example, Providence holds itself out as "one of the largest health systems in the United States."  (See Exhibit A to the Declaration of Katie Spielman, filed concurrently with this Opposition.)  Defendant Providence Health Plan is a member of the Providence "family."  Id.

Defendant Providence Health Plan carefully avoids referencing the large scope of the greater Providence entity.  That entity boasts having "123,000 caregivers serving more than five million patients in communities across seven western states—Alaska, California, Montana, New Mexico, Oregon, Texas and Washington."  Id.  As such, all of Providence Health Plan's caregivers are presumably also Providence caregivers for Providence, the parent entity.  This suggests that these two Providence entities are joint venturers, and that Providence Health Plan was acting as the agent of Providence when it denied treatment for P.K.W.

Perhaps most damning to Defendant's motion is that one of Providence's two headquarters is in Irvine, California.  Id.   Providence is not currently named as a defendant in this action.  Plaintiffs contend that since Defendant Providence Health Plan is undeniably part of this larger entity, this is not necessary.  If necessary, however, Plaintiff is prepared to add Providence as a party-defendant to this action, after which Plaintiff could, if necessary, conduct discovery on the relationship between these various members of the Providence family.

Plaintiffs contend that the insurer defendants in this action, Anthem and Providence Health Plan, are jointly and severally liable for P.K.W.'s treatment.  For this reason also, given that the same medical treatment is at issue against both insurer defendants, it is in the interest of judicial economy for this action to be tried in one forum, which Plaintiffs have properly chosen as the United States District Court, Northern District of California.

To the extent any of the above facts are not sufficiently alleged in Plaintiffs' complaint, Plaintiffs respectfully request leave to amend their complaint to add additional allegations concerning the scope of Providence's business dealings throughout California, and possibly including the parent company, Providence, as a party-defendant to this action.  There is no question but that Providence—the larger entity—conducts substantial business in California,

**PLAINTIFFS' OPPOSITION TO DEFENDANT PROVIDENCE HEALTH PLAN'S MOTION TO DISMISS COMPLAINT DUE TO LACK OF JURISDICTION**
**Case No. 20-cv-04491-JD**

1   and is therefore unquestionably subject to jurisdiction in California courts. If necessary,

2   Plaintiffs are fully prepared to engage in discovery to fully flesh out this issue.

3   **II.     STATEMENT OF FACTS**

4        This is an insurance case involving denied coverage for P.K.W.'s residential mental

5   health treatment. P.K.W. is a minor child, and is the daughter of plaintiffs Chris W. and Jennifer

6   W. Chris W. is an employee of the state of Oregon, and is a participant in the Public Employees

7   Benefit Board Statewide PPO Plan ("the PEBB Plan"). The PEBB Plan is administered by

8   Providence Health Plan. P.K.W. is a covered beneficiary under the PEBB Plan. Jennifer W. is

9   an employee of Intel Corporation ("Intel"), and is a participant in Intel's Anthem High

10   Deductible Health Plan (HDHP) ("the Anthem Plan"). The Anthem Plan is administered by

11   Blue Cross of California dba Anthem Blue Cross ("Anthem"). P.K.W. is a covered beneficiary

12   under the Anthem Plan.

13        The Intel-sponsored Anthem Plan, as a private sector employee welfare benefit plan, is

14   governed by ERISA. The Oregon-sponsored PEBB Plan, as a government plan, is exempt from

15   ERISA, and is subject to state contract and insurance bad faith laws.

16        The Anthem Plan and the PEBB Plan both purport to provide benefits for medically

17   necessary health care, including mental health care, received by their participants and

18   beneficiaries. P.K.W., a covered beneficiary under both plans, was admitted to a residential

19   mental health treatment center for treatment of, *inter alia*, bipolar disorder, post-traumatic stress

20   disorder, and suicidal ideations and attempts. (Compl. ¶ 30) Her parents filed claims for

21   P.K.W.'s treatment with each of their respective health plans. Both plans denied coverage,

22   plaintiffs exhausted their internal appeal options, and this lawsuit followed.

23        Anthem is a California health plan, licensed by the California Department of Managed

24   Healthcare, with its principal place of business in Thousand Oaks, California.[1]

25

26

27   _____
     [1] See Blue Cross of California, California Secretary of State Corporation Statement of Information, available at
28   https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=01150097-28900630, last accessed 9/13/2020.

Providence Health Plan is a "part of the integrated delivery system of Providence Health & Services." (Spielman Decl. Exh. C, Providence Health Plan "About Us".)  Providence Health & Services operates under the brand name "Providence."  (Spielman Decl. Exh. A, p. 3 ("St. Joseph Health and Providence Health & Services became one organization in 2016 . . . [a]fter months of careful deliberation, we are unifying our Catholic ministries around a common brand: the St. Joseph health cross and the word Providence."))  Providence is registered to and does conduct business in California. (Spielman Decl. Exhs. B (California Department of Insurance License for Providence Plan Partners dba Ayin Administrative Health Solutions[2]) and D (California Department of Managed Health Care license record for Providence Health Network).

Providence boats in its marketing materials of the reach of its network on the west coast, describing its "120,000 caregivers (all employees) serv[ing] in 51 hospitals, 1,085 clinics and a comprehensive range of health and social services across Alaska, California, Montana, New Mexico, Oregon, Texas and Washington."  (Spielman Decl. Exh. F) Providence Health Plan advertises that it "provide[s] or administer[s] health coverage to more than 650,000 members nationwide."  (Spielman Decl. Exh. C.)  Providence's heritage describes the merger of Providence and St. Joseph Health, the latter of which originated in Eureka, California, before expanding to Orange, California, Southern California, Northern California, and the California High Desert.  (Id.)  It notes that Providence today "services Alaska, California, Montana, Oregon and Washington."  (Id., see also Spielman Decl. Exh. G, "Where we Serve," listing California.)

## III.   ARGUMENT

### A.  Providence Has Substantial, Continuous, and Systematic Contacts with California

Providence maintains minimum contacts with California sufficient to subject it to the exercise of personal jurisdiction over it in the state.  California's long-arm statute is co-extensive with the reach of the Due Process clause of the United States Constitution.  California Civ. Proc. Code § 410.10; *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

---

[2] Providence Plan Partners is Providence's prescription drug formulary, see https://www.providence.org/lp/ayin-administrative-health-solutions, last accessed September 14, 2020)

General jurisdiction exists when a defendant is domiciled in the forum state *or* its activities there are "substantial" *or* "continuous and systematic."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984).  The Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) said that a defendant's "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction."  Providence's own 2019 financial statement describes its "headquarters in Renton, Washington, and Irvine, California."  (Spielman Decl. Exh. A, p. 1)

Minimum contacts of a nonresident's agents ordinarily are imputed to the principal.  *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1189 (9th Cir. 2002);  *See also Northern Natural Gas Co. v. Superior Court*, 64 Cal. App. 3d 983, 994 (1976) ("The principle is well established that where a foreign corporation uses a wholly owned subsidiary as a mere agency or instrumentality of the foreign parent corporation, then the State may exercise jurisdiction over the foreign corporation.").

Providence's operating revenue share for California was 35% in the fiscal year ended December 31, 2018, and 37% for the fiscal year ended December 31, 2019.  (Spielman Decl. Exh. A p. 7.)

Providence's advertising activities in California also establish minimum contacts.  *Tauzon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172-4 (9th Cir. 2006) (finding defendant tobacco company subject to general jurisdiction in Washington based on magnitude of sales and revenues generated from the state, and long history of directing advertisements in the forum).

Providence directs significant advertisements and communications toward California.  It transacts business, issues insurance, and corresponds with residents of California through its website.  The website describes "120,000 caregivers (all employees) serv[ing] in 51 hospitals, 1,085 clinics and a comprehensive range of health and social services across Alaska, California, Montana, New Mexico, Oregon, Texas and Washington."  (Spielman Decl. Exh. F) and boasts

that it "provide[s] or administer[s] health coverage to more than 650,000 members nationwide." (Spielman Decl. Exh. C.)

Clearly, Providence is promoting and using the Providence brand and trade name to capture California consumers' goodwill towards it and induce them to purchase insurance through its family of health plans.  Providence member organizations,contribute their various resources to sell, issue and administer the insurance products within California.  Providence does not spend substantial sums of money per year advertising solely to direct business to its family of health plans, including Providence Health Plan, out of a sense of charitable compassion.  Clearly there are financial benefits to this marketing venture, as evidenced by the 37% revenue share from California consumers in fiscal year 2019, representing $9,083,000,000 in operating revenue from California for that year.  (See Spielman Decl. Exh A., p. 7 and 13).  Those financial benefits, expectations of profit, or the ways in which Providence realizes gain from the sale of insurance products in California are the appropriate subject of further discovery.

### B.  Judicial Economy Favors Litigating All Claims in a Single Action

While a plaintiff's choice of forum always weighs against transfer under section 1404(a), a court considering transfer must determine how much weight to give this choice under the circumstances." *Glob. Hawk Ins. Co. v. Vega*, No. 15-CV-02093-YGR, 2015 WL 7720801, at *4 (N.D. Cal. Nov. 30, 2015). Due to ERISA's broad venue provisions, "a plaintiff's choice of forum is accorded great deference in ERISA cases." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432, 119 S. Ct. 755 (1999).

Courts in this district and Oregon are equally capable of adjudicating Plaintiffs' ERISA claims.  Because the PEBB plan was established and administered in Oregon, Oregon state law governs the plan.  Assuming issues of Oregon state law arise, this Court is capable of resolving them.  *See Fleming v. Matco Tools Corp.*, 384 F. Supp. 3d 1124, 1136 (N.D. Cal. 2019) (denying venue transfer motion and observing that "federal judges routinely apply the law of other states than the one in which they sit").

**PLAINTIFFS' OPPOSITION TO DEFENDANT PROVIDENCE HEALTH PLAN'S MOTION TO DISMISS COMPLAINT DUE TO LACK OF JURISDICTION**
**Case No. 20-cv-04491-JD**

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.  To the extent the Court finds deficiencies in Plaintiffs' pleading, Plaintiffs respectfully request that the Court grant leave to amend.

Dated:  September 14, 2020                    Respectfully submitted,
                                             **DL LAW GROUP**


                                             By:    /S/ Katie Spielman           ___
                                              David M. Lilienstein
                                              Katie J. Spielman
                                              Attorneys for Plaintiffs, Chris W. and Jennifer W.

7