David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiffs,
CHRIS W. & JENNIFER W.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W. & JENNIFER W.<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH PLAN; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1 through 10,<br><br>Defendants. | Case No. 20-cv-04491-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   October 8, 2020<br>Time:   10:00 a.m.<br>Courthouse: San Francisco<br>Courtroom:  11, 19th Floor<br>Judge:   Honorable James Donato |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Judge Donato's Civil Standing Order.

1. <u>Jurisdiction & Service</u>

The basis for subject matter jurisdiction as to Defendant Anthem Blue Cross is a federal question, as Plaintiffs' claims arise out of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA").  Defendant Providence Health Plan appears to be an Oregon entity, although this issue is currently being briefed in Providence Health Plan's currently pending motion to dismiss for lack of

personal jurisdiction (Dkt. No. 19). Providence Health Plan's motion is set for hearing on October 8, 2020—the same date as the case management conference. There are no parties that remain to be served.

2. Facts

This action involves the denial of residential mental health treatment benefits for Plaintiffs' minor child, P.K.W. As alleged, P.K.W. suffers from depressive disorder, posttraumatic stress disorder, attention-deficit/hyperactivity disorder ("ADHD"), bipolar disorder, parent-child relational problem, and suicidal ideations and attempts. (Dkt. No. 1, ¶30.) By the age of 15 P.K.W. refused to eat, expressed homicidal ideation, and fantasized about torturing humans. (Id. at ¶¶35-36.)

At the recommendations of P.K.W.'s treating medical professionals, she was admitted to Uinta Academy, a residential treatment center, for further mental health treatment and care.

Plaintiff Jennifer W. receives health benefits through her employer, Intel, Inc. The plan is self-funded and is administered by Defendant Anthem. P.K.W. is covered under her mother's health care coverage.

Plaintiff Chris W. receives health insurance through his employer, the Oregon Department of Fish and Wildlife. The plan is fully insured through Defendant Providence Health Plans. P.K.W. is also insured under her father's health care coverage

Plaintiffs filed claims for their daughter's treatment at Uinta with each of their respective health plans. Each of the health plans denied the respective claims, on the basis that P.K.W.'s treatment at Uinta was not medically necessary.

This action ensued.

3. Legal Issues

As to Defendant Providence Health Plan, the legal issues likely to be raised include: (1) whether the Court has personal jurisdiction over Providence Health Plans; (2) whether Plaintiffs should amend their complaint to name Providence Health Plan's parent company, which Plaintiffs allege conducts business in the State of California; (3) whether Providence Health Plan's denial was improper and in bad faith; and (4) the proper elements of damages, if any, to which Plaintiffs' are entitled.

As to Defendant Anthem, the legal issues likely to be raised include (1) whether the Court should apply *de novo* or abuse of discretion standard of review in reviewing the claim determination at issue;

(2) whether Plaintiff is entitled to limited discovery; (3) whether the Plaintiff can establish entitlement to medical benefits in accordance with the terms of the Plan; and (4) whether attorneys' fees, if any, should be awarded.

4. <u>Motions</u>

Providence Health Plan's motion to dismiss for lack of personal jurisdiction is set for hearing on October 8, 2020.

As to Defendant Anthem: (1) a motion concerning the proper standard of review as needed; (2) discovery motions as needed, and (3) Rule 52 and/or Rule 56 dispositive motions.

5. <u>Amendment of Pleadings</u>

This action was filed on July 7, 2020. There are no amended complaints on file. Defendant Anthem has requested that Plaintiffs name the Intel Corp. Health Plan, on the basis that the Intel plan is self-funded and Anthem is only a third-party administrator. Plaintiffs have indicated they are amenable to same.

6. <u>Evidence Preservation</u>

The parties are aware of the ESI Guidelines and have taken appropriate steps to preserve the relevant evidence.

7. <u>Disclosures</u>

The parties have agreed to complete initial disclosures, including production of the administrative record, as required by Federal Rule of Civil Procedure 26(a) by November 1, 2020.

8. <u>Discovery</u>

If the parties are unable to agree on the scope of permissible discovery, the parties will bring the issues in dispute before the Court for resolution.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

The parties are not currently aware of related cases or proceedings pending before another judge of this Court or before another court or administrative body.

///

11. <u>Relief</u>

Plaintiffs seek an award of medical benefits in excess of $300,000 for P.K.W.'s mental health care at issue herein, as well as pre-judgment and post-judgment interest. Plaintiffs will also seek an award of attorneys' fees.

12. <u>Settlement and ADR</u>

The parties anticipate completing ADR within 120 days of this case management conference.

13. <u>Consent to Magistrate Judge For All Purposes</u>

All parties have not consented to Magistrate Judge jurisdiction.

14. <u>Other References</u>

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

Aside from what is set forth above, the parties do not contemplate any further narrowing of issues.

16. <u>Expedited Trial Procedure</u>

The parties do not request an expedited trial procedure.

17. <u>Scheduling</u>

The parties propose the following schedule:

Deadline to file an amended complaint: 21 days after the Court's Order on Providence Health Plan's Motion to dismiss

Standard of Review motion, if any, to be heard on January 21, 2020 at 10 a.m.

Discovery Cut-off: 90 days after the Court's ruling on the parties' standard of review motion.

Initial Rule 52/56 Briefing (Anthem) and Jury Trial date (Providence Health Plans): TBD

Further Briefing Schedule, i.e. joint or staggered filings, to be determined at case management conference.

18. <u>Trial</u>

Plaintiffs will seek a Rule 52 bench trial as to the Anthem claims.

Plaintiffs will seek a seven day jury trial as to the Providence Health Plan claims.

///

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

<u>Intel Corp. Health Plan.</u>

20. <u>Professional Conduct</u>

The parties' respective counsel have reviewed the guidelines.

21. <u>Other Matters to Facilitate Disposition</u>

None suggested at this time.

Dated: October 5, 2020                Respectfully submitted,

                                                       **DL LAW GROUP**

By: /s/ David M. Lilienstein
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiffs, Chris W. and Jennifer W.

Dated:  October 5, 2020              **KARR TUTTLE CAMPBELL**

By:  /s/ J. Dino Vasquez
J. Dino Vasquez
Attorney for Defendant, Providence Health Plan

Dated:  October 5, 2020              **PRIDGEN BASSETT LAW**

By: /s/ Nancy B. Pridgen
Nancy B. Pridgen
Attorneys for Defendant, Anthem Blue Cross of California dba Anthem Blue Cross, and Intel Corp. Health Plan[1]

---

[1] Ms. Pridgen will be seeking *pro hac vice* admission soon.