United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH PLAN, et al.,<br><br>    Defendants. | Case No. 20-cv-04491-JD<br><br>**ORDER RE PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 19 |

This order resolves defendant Providence Health Plan's (PHP) motion to dismiss for lack of personal jurisdiction. Dkt. No. 19. The motion is suitable for decision on the papers, Civil L.R. 7-1(b), and is granted with leave to amend.

The parties' familiarity with the record is assumed. The Court has detailed the standards governing the pleading of personal jurisdiction in several prior decisions. *See, e.g.*, *Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658, at *4-5 (N.D. Cal. Jan. 14, 2019); *Zithromia Ltd. v. Gazeus Negocios De Internet SA.*, No. 3:17-cv-06475-JD, 2018 WL 6340875, at *2-3 (N.D. Cal. Dec. 5, 2018). The Court did not hold an evidentiary hearing on jurisdiction, and so plaintiffs had the burden of making a prima facie case for personal jurisdiction in this Court over defendants. *Zithromia*, 2018 WL 6340875, at *2.

The complaint does not provide any facts to indicate that the claim against PHP arose out of its presence or activity within California or this District. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017); *Walden v. Fiore*, 571 U.S. 277, 283 n.6, 284 (2014). The complaint expressly alleges that PHP does business in Oregon, *see* Dkt. No. 1 ¶ 9, and plaintiffs do not contest PHP's representation that it is an Oregon corporation with its primary place of business in Oregon. *See* Dkt. No. 21 ¶ 2. Plaintiffs mention general business dealings

within California by PHP's corporate family members, but none of those allegations are in the complaint, and in any event general business contacts do not establish an affiliation between the forum and the underlying controversy sufficient to exercise specific jurisdiction. *See Zithromia*, 2018 WL 6340875, at *2. So too for plaintiffs' suggestion, again outside of the complaint, that personal jurisdiction can be asserted because PHP's parent entity is said to be headquartered in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

Plaintiffs may file an amended complaint with respect to the issue of personal jurisdiction over PHP by October 29, 2020. Failure to amend by that date may result in dismissal of the claim against PHP under Rule 41(b).

**IT IS SO ORDERED.**

Dated: October 7, 2020

JAMES DONATO
United States District Judge